**Affirm and Opinion Filed October 18, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00393-CR**

**ANTHONY DAVID MARONEY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 59th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 073585**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Garcia, and Kennedy
Opinion by Justice Pedersen, III

A jury convicted appellant Anthony David Maroney of possession of a controlled substance (methamphetamine) with intent to deliver 4–200 grams. The trial court assessed his punishment at sixty years' confinement in the Texas Department of Criminal Justice Institutional Division. In a single issue, appellant contends that the trial court erred by denying his motion to suppress evidence discovered in the warrantless search of a safe seized from his vehicle. We affirm the trial court's judgment.

## Background

Appellant was detained after police observed a traffic violation and confirmed an outstanding warrant for his arrest. When officers were checking the identification of appellant's passenger, they smelled burnt marijuana. The officers then searched the car for contraband; they opened a number of duffel bags, a fanny pack, a shopping bag, and other containers found in the car. Inside a leopard-print bag in the rear cargo area of the vehicle, police found a locked safe. An officer took the safe to the police station, where he opened it. The safe contained a number of watches, drug paraphernalia, and the methamphetamine for which appellant was charged.

Appellant made his motion to suppress on a number of grounds, including "opening of closed containers" and "breaking into of a safe."[1] The trial court denied the motion at the close of evidence.

This appeal followed.

## Discussion

In a single issue, appellant challenges the warrantless search of the locked safe found in his vehicle. He argues that he had an elevated expectation of privacy in the

---

[1] When appellant, appearing pro se, urged his motion, the trial court asked him to identify the search he was challenging. Appellant stated:

> I was referring to the prolonged detention; following that, the warrantless search; following that, the warrantless detention and search and arrest of [the passenger]; the opening of closed containers; and the -- the breaking into of a safe; the illegal impoundment of a vehicle and the warrantless inventory.

safe and therefore the police should have obtained a warrant before opening it and retrieving its contents.

Both the United States and Texas constitutions protect against unreasonable searches and seizures by government officials. U.S. CONST. amend. IV; Tex. Const. art. I, § 9. A defendant alleging a Fourth Amendment violation bears the initial burden of producing some evidence that rebuts the presumption of proper police conduct. *Amador v. State*, 221 S.W.3d 666, 672 (Tex. Crim. App. 2007). He meets that burden by establishing that the search or seizure occurred without a warrant. *Id.* The burden then shifts to the State to prove that the search or seizure was reasonable under the totality of the circumstances. *Id.* at 672–73. Pursuant to the Fourth Amendment, a warrantless search is per se unreasonable unless it falls within a warrant exception. *Marcopoulos v. State*, 538 S.W.3d 596, 599 (Tex. Crim. App. 2017). One such exception applies to the warrantless search of an automobile when it is readily mobile and the official has probable cause to believe that it contains contraband. *Id.* Under both federal and Texas law, "[I]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross,* 456 U.S. 798, 825 (1982); *see also Neal v. State,* 256 S.W.3d 264, 282 (Tex. Crim. App. 2008). The question of whether a specific search or seizure is "reasonable" under these standards is subject to de novo review. *Kothe v. State*, 152 S.W.3d 54, 62 (Tex. Crim. App. 2004).

In this case, appellant does not dispute that his car was readily mobile or that the police had probable cause to search it. Nor does he dispute the general rule that the automobile exception allows the police to open any containers found in the vehicle that could conceal the object of the search. But he contends that the right to search items located within a vehicle is limited; he cites the example of a cell phone, and he asks this court to make a similar exception to the general rule for a safe.

Appellant argues that the legal reasoning for the automobile exception does not apply here because the safe was not inherently mobile as his car was. He points to the fact that the officer took the safe back to the station when appellant was already in custody. Thus, he argues, the officer had time to obtain a warrant without a risk of losing the ability to search the safe. However, the automobile exception does not require exigent circumstances. *Neal*, 256 S.W.3d at 283 (rejecting defendant's challenge to warrantless search of truck based on his argument that "there was no concern that the evidence in the truck would be destroyed or lost because appellant [was] already in police custody").

Appellant relies on two cases for his argument that a safe is comparable to a cell phone and should be exempt from an automobile search. He cites *State v. Martinez*, 570 S.W.3d 278 (Tex. Crim. App. 2019), where the Texas Court of Criminal Appeals referred to a person's "legitimate expectation of privacy in the contents of his cellular phone, because of its ability to contain a large amount of data

involving intimate details of an individual's life, including medical information." *Id.* at 291 (citing *State v. Granville*, 423 S.W.3d 399, 408 (Tex. Crim. App. 2014)). Appellant argues that a safe, likewise, can be used to store intimate details of an individual's life such as "wills, financial information and other private documents over which a person would have an expectation of privacy." We note at the outset that *Martinez* does not involve the automobile exception for a warrantless search. In addition, *Martinez* does not speak simply to the amount of data kept in a cell phone. Its scope is limited to the "expectation of privacy in blood that is drawn for medical purposes." *Id.* ("There are private facts contained in a sample of a person's blood beyond simple confirmation of a suspicion that a person is intoxicated. These private facts are those that a person does not voluntarily share with the world by the mere drawing of blood and may be subject to Fourth Amendment protection."). We find no authority applying this limited example of a heightened expectation of privacy to any documents, let alone to a container that might hold documents.

Appellant also cites to *Chung v. State*, 475 S.W.3d 378 (Tex. App.—Waco 2014, pet. ref'd), where the Waco court rejected the State's argument that the defendant's cell phone could be searched without a warrant pursuant to the automobile exception. The court expressed "grave doubts that a cell phone is a 'container' that could be searched pursuant to the automobile exception." *Id.* at 387. Moreover, although a dog alert gave police probable cause to search the defendant's vehicle in *Chung*, neither the defendant nor the cell phone were in the vehicle at that

time. *Id.* In contrast, appellant's safe is without question a "container," and both it and appellant were inside the vehicle at the time officers obtained probable cause necessary to the search.

Appellant has not identified any authority, and we have found none, that would support exempting a safe from the search permitted in the automobile exception. We reject his invitation to place a new limit on that well-settled exception. We conclude the opening of the safe by police in this case was reasonable and was not a violation of the Fourth Amendment or the Texas constitution. We overrule appellant's single issue.

### Conclusion

We affirm the trial court's judgment.

/Bill Pedersen, III//

BILL PEDERSEN, III
JUSTICE

220393f.u05

Do Not Publish
TEX. R. APP. P. 47



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

ANTHONY DAVID MARONEY,
Appellant

No. 05-22-00393-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 59th Judicial District Court, Grayson County, Texas
Trial Court Cause No. 073585.
Opinion delivered by Justice Pedersen, III. Justices Garcia and Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of October, 2023.